Dugro, J.
Colton, the plaintiff, more than twenty-three years ago, was the originator of the process or method of extracting teeth with the aid of nitrous oxide or laughing gas. By this method the operation could be safely performed without pain to the patient. To make his process a financial successs, the plaintiff in 1863, associated himself with three others in the city, and under the name “ Colton Dental Association ” began a business of extracting teeth with the aid of this gas.
This method did not, however, appear to be popular at *79 first, and after continuing business a few months, and finding it unprofitable, the associates of the plaintiff withdrew from it, leaving the business and name “ Colton Dental Association ” to plaintiff. This name at that time, was of slight, if any, value. Thereafter, and since 1863, through the perseverance and industry of the plaintiff, and at great expense to him, the name, together with that of the plaintiff, “ Colton,” became identified with the method of extracting teeth with the aid of nitrous oxide gas, and that method became very popular, the prejudices against it being removed through public exhibitions given by plaintiff at which explanations and demonstrations were made. The name “ Colton Dental Association ” and “ Colton ” obtained their value only through the efforts of the plaintiff; and as their sole possessor he has a right to consider them his trademark.
The main contention of defendant seems to be that the plaintiff is precluded from obtaining in a court of equity any relief against the acts of the defendant herein, because the plaintiff in the conduct of his business and as the title of his establishment made use of the name “ Colton Dental Association,” while in point of fact for many years there was no body corporate or incorporate forming said association.
It was not shown that by doing business under this name the plaintiff was in any way defrauding or deceiving the public. It does not appear that there was any justifiable public belief that there was an association of dentists doing business under that name, and that therefore superior ability and treatment could be expected. I cannot therefore see how the plaintiff at any time, by the use of his name, made any materially false statement in connection with the property he seeks to protect. Even if it be conceded that the name contains a false statement, it is a false statement of an immaterial matter; for it seems to me that all credit, faith and reliance was placed in Colton himself. It does not appear that any person was believed by the public to be associated with Colton in his business.
The authorities upon which the defendant relies are not applicable to this case, for in all of them there was a materially false statement in the names, etc., used, and an evident intent on the part of the user of the name to deceive and defraud the public. In this case, however, the name ‘1 Col-ton Dental Association ” derives all its value from the name “ Colton,” and not from the words “dental association.” I am satisfied that the use by an individual of a name, such as would be appropriate to a corporation, is not a violation of any statute of the state and will not deprive the person using it of the right of protection of it as a trade-mark. Lauferty v. Wheeler, 11 Abb. N. C.
*80 Now, as to the infringement: It appears that the plaintiff Rad in Ris employ about February, 1886, and for six years prior thereto, a young lady, Carrie Wolfsbruck, whose duties in her employment were to hold and insert in the mouths of patients a tube, through which the nitrous oxide gas was administered. When a patient has inhaled sufficient gas, the tube was removed by her, and the ■operator, a dentist, extracted the teeth. It was the operator’s duty to determine when sufficient gas had been administered.
About March, 1886, the defendant Deane, a dentist, employed Miss Wolfsbruck, who had been a short time previously discharged by the plaintiff, and immediately thereafter he began to insert advertisements in many newspapers of this and adjoining cities, such as the following: “ Colton’s late assistant, 137 East Forty-fifth street. Teeth extracted without pain with pure laughing gas. No charge for extraction when artificial teeth are to be inserted.” He also placed signs in several places where the public would be apt to see them, reading: “ Colton’s late assistant. Colton’s Dental Association,” etc. In some of these advertisements and circulars the name “ Colton,” and in almost all the others the words “ Colton’s late •assistant ” are printed in much larger and more prominent type than that used for the balance of the notice.
To prevent the continued use of these advertisements, circulars and signs, the plaintiff applies for this injunction.
It seems to me that the duties performed at the Colton Dental Establishment by Miss Wolfsbruck were not such as would entitle her to claim that she was “Colton’s late •assistant,” for it was not her duty to assist in extracting teeth, but only in the administration of gas under instructions from the operator. This, as Colton testified, any child could do after an experience of a couple of weeks.
Colton’s business consisted in extracting teeth with the aid of gas. The extraction of teeth was the main work. This required a dentist, and for this work he had several dentists in his employ. The work of Miss Wolfsbruck was such as required very slight experience, for it seems the menial servant sometimes did it. Colton’s business and establishment was well known throughout the community as a place where teeth would be painlessly extracted. And by holding herself forth to the public as “Colton’s late assistant” Miss Wolfsbruck was impliedly claiming that she had assisted at said establishment in the extraction of teeth, while such was not in fact her duty in said place.
The case of Van Wyck v. Horowitz (39 Hun, 237) has been cited by defendant, but this case differs from that before me, for Horowitz’s read “Horowitz late with Van *81 Wyck,” and this was found to be a true statement. I find Miss Wolfsbruck’s statement, “Colton’s late assistant,” to be an untruth and a conclusion of her’s not warranted by the facts. Horowitz was unqualifiedly “late with Van Wyck.” Miss Wolfsbruck was not unqualifiedly, if at all, “ Colton’s late assistant.” Dr. Slocum, it appears, was generally known as “ Colton’s assistant.” But the defendant, Deane, was not only deceiving and misleading the public into the belief that Miss Wolfsbruck was Colton’s late assistant, but it, as it appears to me by some of his advertisements, circulars and signs, he was also deceiving and defrauding the public into the belief that he was “ Colton’s late assistant; ” in none of his circulars does the name of Miss Wolfsbruck appear. The circulars read, “ Colton’s late assistant. 137 East Forty-fifth street, up-town headquarters for gas, the only safe place to have teeth extracted, 137 East Forty-fifth street, &c.” His advertisements were similarly indefinite as to identity of Colton’s late assistant.
The public is requested to call at 137 East Forty-fifth street to find Colton’s late assistant. Arriving at this place, the only name or sign on the house is that of Henry F. Deane, dentist. How can the probable and natural inference of the public be otherwise than that Deane is “ Colton’s late assistant?” The scheme was well planned and cunningly executed, but so much is the deception greater. A glance at the circulars and advertisements shows conclusively the intent to defraud Colton and infringe upon his rights, for in almost all of them the name “Colton” is unduly prominent.
No satisfactory explanation has been given as to why the defendant’s name does not appear in his advertisement or in his circular. But it seems to me that the defendant knowing Colton’s name to have a great reputation and value, and it was desirable to pirate upon the reputation that name had acquired, secured the services of a minor, employee of Colton’s, advertised his own business and place of business under the heading, conspicuously displayed, “Colton’s late assistant,” for the purpose of inducing the public to believe that “Colton’s assistant ” had left him and was carrying on business at a place other than Colton’s, viz.: defendant’s place, 137 East Forty-fifth street.
I am, therefore, of the opinion that what the defendant has done was calculated to deceive, and was from the first intended to deceive the public. It is a case of intentional false representation and not a fair, honest and ordinary business way of stating the fact that a former employee of the plaintiff is now in deféndant’s employ.
The case is a proper one for the interference of this court.
*82 Let there be judgment as prayed for, viz.: that injunction issue, with costs.
Findings to be settled on notice.